817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darwin GRAVITT, Plaintiff-Appellant,
v.
STATE OF MICHIGAN CORRECTIONS ORGANIZATION; Perry Johnson,
Defendants- Appellees.
 No. 86-1975.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court order dismissing his civil rights action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 3
 Two civil rights complaints are contained in the record on appeal. In both complaints, plaintiff stated that the Freedom of Information Act Coordinator at the Michigan Department of Corrections advised him that his "A" file had been destroyed five years after his discharge.
 
 
 4
 In one complaint, he stated that as a prisoner of the "terriortory [sic] of the North East United States of America" he was entitled to a "life substance package" consisting of 40 dollars gold, a live horse and saddle which is passed out to prisoners when discharged or when their records are expunged. Such package is allegedly needed to help plaintiff "recover and merge back into society." As relief, he sought the award of a "life substance package."
 
 
 5
 The second complaint also mentioned the "A" file which plaintiff stated contained evidence of civil rights violations. He alleged that the file contained reports which prevented him "from making parole and other vital events." As relief, he sought "Ninety One Hundred Billion Dollars USA legal tender."
 
 
 6
 The Court concludes that the district court did not err in dismissing as frivolous plaintiff's complaint alleging denial of a "life substance package." However, the second complaint seeking damages as a result of destruction of the "A" file was not addressed by the district court in this action. It is unknown as to whether a copy of the second complaint was ever docketed as a separate civil rights action and considered by the district court.
 
 
 7
 Upon examination of the record and the plaintiff's informal brief, we conclude that the issues presented on appeal are not substantial and do not require oral argument. Fed.R.App.P. 34(a). The motion for counsel is denied. The judgment of the district court dismissing the civil rights complaint regarding the "life substance package" is affirmed for the reasons stated in the district court's decision. The action is remanded for docketing and consideration of the second complaint, if appropriate.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation